Robin E. Perkins, Esq. (NV Bar No. 9891)
Adam Tully, Esq. (NV Bar No. 13601)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: rperkins@swlaw.com
atully@swlaw.com

*Attorneys for Plaintiff Wells Fargo
Financial Nevada 2, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WELLS FARGO FINANCIAL NEVADA 2, INC., a Nevada Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>DEBORAH LOGAN, an individual; DANIEL LOGAN, an individual; EAGLE HIGHLANDS OWNERS ASSOCIATION, a Nevada non-profit corporation; and GAYLE A. KERN, LTD., a Nevada professional corporation, d/b/a Kern & Associates, Ltd.;<br><br>Defendants | Case No.: 3:17-cv-00513-MMD-VPC<br><br>**STIPULATION AND ORDER FOR DISMISSAL WITHOUT PREJUDICE OF GAYLE A. KERN, LTD.** |

Plaintiff Wells Fargo Financial Nevada 2, Inc. ("Wells Fargo") and Defendant Gayle A. Kern, Ltd., dba Kern & Associates, Ltd., ("Kern," and together with Wells Fargo, the "Parties"), by and through their undersigned counsel of record, hereby stipulate and agree as follows:

WHEREAS, the above-captioned action concerns Defendant Eagle Highlands Owners Association's ("Association") NRS Chapter 116 foreclosure sale on or about January 14, 2016 ("Foreclosure Sale") of that certain real property in Carson City, Nevada with APN 010-311-56, commonly known as 46 Condor Circle, Carson City, NV 89701 (the "Property");

WHEREAS, Wells Fargo filed its Complaint on August 24, 2017, alleging several causes of action against Kern; and

- 1 -

WHEREAS, Kern has never claimed any interest in the Property.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that:

1. The Complaint is dismissed without prejudice as to Kern only, with each party to bear its own fees/costs.

2. Any statute of limitations for the causes of action which may have expired since the Complaint was filed on August 24, 2017, shall be tolled from the date this Stipulation is signed by the Parties until the litigation is fully and finally concluded, which shall include any appeals and proceedings following remand from an appellate court.

3. Except as is set forth in the preceding paragraph, nothing in this Stipulation shall diminish or affect any defense available to any Party as of the date of this Stipulation, and this Stipulation shall not be deemed to revive any claim, remedy, and/or cause of action, legal or equitable, that is or was already barred as of the date of this Stipulation, nor shall this Stipulation create any new claim, remedy, and/or cause of action, legal or equitable, against any Party hereto. Nothing in this Stipulation, or in the circumstances that gave rise to this Stipulation shall be construed as an acknowledgement by any Party that any claim, remedy, and/or cause of action, legal or equitable, has or has not been barred, or is about to be barred, by the statute of limitations, laches, or other defense based on the lapse of time.

4. This Stipulation shall not operate as an admission of liability by any Party. Neither this Stipulation nor any action taken pursuant to this Stipulation shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing by any Party.

5. Within 30 days after this Stipulation is executed by the Court, Kern shall provide to the Association's counsel of record the Association's records, which are in Kern's possession, concerning the Association's NRS Chapter 116 assessment lien foreclosure on the Property for production by the Association's defense counsel in the course of discovery under the Nevada

- 2 -

Rules of Civil Procedure, subject to any and all applicable objections. Notwithstanding the foregoing, Wells Fargo reserves its right to exercise all rights and remedies—including but not limited to the rights and remedies set forth in the Federal Rules of Civil Procedure for procuring evidence from non-parties—to seek and acquire documents directly from Kern. Likewise, Kern reserves any and all rights, remedies, defenses, and objections including, but not limited to, attorney client and/or work product privilege, to any discovery requests by Wells Fargo.

6. Upon proper notice by Plaintiff, in accord with the Nevada Rules of Civil Procedure, Kern shall make available a knowledgeable witness for deposition limited to the Association's assessment lien foreclosure sale of the Property, and subject to any and all applicable objections and privileges. Kern shall be provided 30 days' notice of the deposition, and an opportunity to coordinate with Counterclaimants' counsel, a mutually convenient time, date and location of such deposition.

7. In regard to Kern's appearance for depositions, as described in Paragraph 6 herein, Kern shall have the same rights, defenses, and remedies as a party to the litigation relative to any notice of deposition addressed to Kern. Notwithstanding the foregoing, Wells Fargo reserves its right to exercise all rights and remedies—including but not limited to the rights and remedies set forth in the Federal Rules of Civil Procedure for compelling the appearance of non-parties for deposition and trial—to secure Kern's appearance for deposition or trial.

8. The Parties reserve any and all rights, privileges, and defenses under applicable law.

9. Nothing herein shall be construed as a waiver of the attorney client and/or work product privileges that exists among and between Kern and the Association, or any other association client of Kern.

Wherefore, the undersigned request this Court enter an Order granting the above stipulation.

Dated: January 19, 2018.                                    Dated: January 19, 2018.

SNELL & WILMER L.L.P.                                       KERN & ASSOCIATES, LTD.

By: /s/ *Adam Tully*                                        By: /s/ *Karen Ayarbe*
Robin E. Perkins, Esq. (NV Bar No. 9891)                    Gayle A. Kern, Esq.
Adam Tully, Esq. (NV Bar No. 13601)                         Karen M. Ayarbe, Esq.
3883 Howard Hughes Parkway, Suite 1100                      5421 Kietzke Lane, Suite 200
Las Vegas, NV 89169                                         Reno, Nevada 89511
Telephone: (702) 784-5200                                   Telephone: (775) 324-5930
Facsimile: (702) 784-5252                                   Facsimile: (775) 324-6173

*Attorneys for Plaintiff Plaintiff Wells Fargo Financial Nevada 2, Inc.*    *Attorneys for Defendant Gayle A. Kern, Ltd., dba Kern & Associates, Ltd.*

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT COURT JUDGE

DATED: January 22, 2018

4850-5137-9793

- 4 -